```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

KELLY FEHER,                       :
                                   :
     Plaintiff,                    :
                                   :
v.                                 :    Case No. 3:14-CV-334 (RNC)
                                   :
UNUM LIFE INSURANCE COMPANY        :
OF AMERICA,                        :
                                   :
     Defendant.                    :
```

RULING AND ORDER

This is an action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, challenging the denial of a claim for short term disability benefits. The defendant has moved to dismiss the action on the grounds that it is untimely and the plaintiff failed to exhaust an administrative appeal procedure before commencing litigation. I agree that dismissal is required as a matter of law due to plaintiff's failure to file an administrative appeal and grant the motion on this basis without addressing defendant's other arguments.

I. Background

The complaint, and documents referenced in the complaint, show the following. Plaintiff Kelly Feher is a former employee of CVS Caremark Corporation, which maintains a short term disability plan covered by ERISA. The plan is underwritten and insured by the defendant, Unum Life Insurance Company of America ("Unum"). In the summer of 2010, the plaintiff became ill and

1

was diagnosed with Lyme Disease.  Her symptoms worsened rendering her unable to work.  She applied for benefits under the plan claiming that she was disabled as of November 11, 2010.

Under the terms of the plan, a person is not eligible to receive benefits until she experiences a period of continuous disability lasting seven days, which the plan refers to as the "elimination period."  The plan requires that a written proof of claim be filed no later than 90 days after the elimination period.  In the event of a claim denial, the plan requires that an appeal be submitted in writing within 180 days of the claimant's receipt of the denial letter.  The plan requires that a claimant exhaust all administrative appeal procedures before bringing suit to challenge the denial of a claim.

On December 3, 2010, Unum notified the plaintiff that it was unable to render a decision on her claim because she had not provided an "Attending Physician Statement."  Plaintiff responded by submitting the necessary form, which reached Unum on February 14, 2011.  Unum denied plaintiff's claim three weeks later in a letter dated March 7, 2011.  The letter cited a lack of documented findings of symptoms showing an impairment in function causing an inability to work.

The letter informed plaintiff about the "next steps available to [her]."  The document stated, "What if I disagree with the decision?  If you disagree with our decision you have

the right to request that we reconsider our decision.  Regardless of whether you ask for reconsideration, you have the right to appeal the decision."

With regard to reconsideration, the letter explained that if the plaintiff had new information she wanted Unum to consider, she could submit the new information for review by the same Disability Benefits Specialist who rendered the initial decision, in which case the claim denial would be reconsidered by that person in light of the new information.  The letter pointed out that a request for reconsideration should be submitted "as soon as possible" to enable Unum to complete its review before the end of the 180-day period for requesting an appeal of the claim denial.  The letter stated:

> If you choose to submit new information for our review (which is a request for reconsideration), and later decide to appeal the claim decision, you must send your appeal within the 180 days from the date you receive **this** letter (not from the date you received the letter about the reconsideration decision)(emphasis in the original).[1]

With regard to the appeal process, the letter explained that if plaintiff wanted to have the claim decision reviewed by an

---

[1] The plan itself also provided information about appeals, including the 180-day limitation period.  See ECF No. 16-2 at 16-17.

Appeals Specialist, she would need to submit a letter outlining the basis for her disagreement with the decision along with any additional information supporting her appeal.  This section of the letter repeated the admonition that an appeal had to be submitted within 180 days from the date plaintiff received the denial letter.  The letter was signed by Sharon Thayer, Lead Disability Benefits Specialist.

　　Because the claim was denied on March 7, 2011, plaintiff's window to appeal was open until September 3, 2011.  On September 1, 2011, plaintiff's counsel faxed a letter to the attention of Ms. Thayer.  The letter stated, "I am writing along the lines you described in your letter to Ms. Feher dated March 7, 2011, specifically to include addition[al] documentation of her conditions and to comment on the positions taken by Unum that suggest that she doesn't qualify for the subject benefits."  Enclosed with the letter were medical records.  The letter asked Unum to "take a fresh look at the case, which, after all, is now six (6) months beyond your last review and has followed a persistent medical pattern - and make appropriate findings that Mrs. Fehrer qualifies for benefits."

　　Ms. Thayer responded by letter dated September 7, 2011.  The letter stated, "Thank you for sending additional information about your Short Term Disability claim.  We have reviewed this information and it does not change our original decision."

4

Though the time to appeal had elapsed, Ms. Thayer stated that an appeal would be permitted because reconsideration had been sought so late.  Plaintiff did not appeal.  She filed this action on March 14, 2014.

II. Discussion

Courts "have uniformly required that participants [in ERISA plans] exhaust internal review before bringing a claim for judicial review."  Heimeshoff v. Hartford Life & Acc. Ins. Co., 134 S. Ct. 604, 610 (2013).  Exhausting administrative remedies requires a claimant to pursue an available administrative appeal. Berkinow v. Xerox Corp. Long-Term Disability Income Plan, 517 F. Supp. 2d 646, 652 (W.D.N.Y. 2007).  The parties agree that the plan required plaintiff to submit an appeal within 180 days of her receipt of the March 7, 2011 letter denying her application for benefits.  They further agree that no appeal was filed.  ECF No. 21, at 4.  This, Unum argues, "would appear to close the matter."  Id.  I agree.

Plaintiff urges that she should not be penalized for failing to appeal because she was confused about how to proceed.  The source of the trouble, she contends, was the availability of reconsideration in addition to an appeal.  The Court recognizes that a potential for confusion may exist when the deadline for filing an appeal is unaffected by the filing of a request for reconsideration.  Even so, there is no ambiguity in the terms of

the plan or the denial letter that could be construed against Unum in the context of this case to excuse plaintiff's failure to appeal. The section of the plan dealing with appeals states unequivocally that an appeal "must be sent to Unum within 180 days of your denial notice." ECF No. 16-2, at 17. Moreover, the denial letter specifically stated that if plaintiff requested reconsideration, and later decided to appeal, the 180-day period would run from the date of her receipt of the denial letter, rather than the date of her receipt of the decision on reconsideration. Together, the plan and the letter provided adequate guidance regarding the operation of the 180-day deadline.

In addition, it is undisputed that Unum encouraged plaintiff to appeal the decision on reconsideration, notwithstanding the expiration of the 180 day period. Ms. Thayer stated that an appeal probably would be permitted because the request for reconsideration had been filed so late in the 180 day period. For whatever reason, plaintiff did not take advantage of that opportunity. In these circumstances, plaintiff's failure to appeal cannot be attributed to Unum.

Plaintiff also argues that an appeal would have been futile. To avoid dismissal on this ground, plaintiff must make "a clear and positive showing that pursuing available administrative remedies would be futile." Davenport v. Harry N.

Abrams, 249 F.3d 130, 133 (2d Cir. 2001).  The initial denial of her claim cannot establish the futility of an administrative appeal.  Siemionko v. Bldg. Serv. 32B-J Ben. Funds, No. 07 Civ. 1548, 2009 WL 3171955, at *6 (E.D.N.Y. Sept. 30, 2009).  Rather, cases finding futility generally involve either bad faith on the part of the insurer or an unambiguous statement from the insurer indicating that its denial is final.  See, e.g., Paese v. Hartford Life & Acc. Ins. Co., 449 F.3d 435, 449 (2d Cir. 2006) ("This [futility] argument finds considerable support in Hartford's March 20 letter to Paese containing its final decision, which, as quoted above, stated that Hartford's 'claim decision is now final' and informed Paese that he had 'exhausted any administrative remedies available to [him] under the policy.'"); Greifenberger v. Hartford Life Ins. Co., 131 Fed. Appx. 756, 759 (2d Cir. 2005).

Plaintiff's futility argument does not provide the clear and positive showing required to excuse her failure to exhaust.  She identifies no bad faith and no statement from Unum suggesting that its initial claim decision was final.  Careful review of the record discloses no statement that could be interpreted by plaintiff as an indication that the initial claim decision was final.  In fact, the March 7, 2011 letter expressly invited her to file an appeal and made it clear that an Appeals Specialist, not the Disability Benefits Specialist who issued the denial,

would review her claim.  ECF No. 16-3, at 4.

Plaintiff argues that if she had appealed, the Appeals Specialist would have reviewed the very same materials presented to the Disability Benefits Specialist.  Plaintiff characterizes this method of review as "[not] even an appeal," but "simply a parallel finding by someone else in the same claims office, although located in a physically different place."  ECF No. 19, at 8.  Plaintiff's argument must be rejected because the appeal process was not simply duplicative of the initial claim decision process.  As explained in the denial letter, the appeal process gave plaintiff an opportunity to (1) submit a letter explaining the basis for her disagreement with the claim decision, (2) along with information and documents supporting her appeal, (3) for consideration by an Appeals Specialist.  These features of the appeal process served to distinguish it from the initial claim decision process.  The Court cannot say that the appeal process was so flawed as to render any appeal futile.

III. <u>Conclusion.</u>

Accordingly, the motion to dismiss is hereby granted.

So ordered this 18th day of December 2014.

_____/s/_____<br>
Robert N. Chatigny<br>
United States District Judge